| | |
|---|---|
| JOHN UPSHUR,<br><br>  Plaintiff,<br>v.<br><br>NATIONAL CREDIT SYSTEMS, INC.<br><br>  Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, John Upshur, is a natural person who resides in the City of Charlotte, County of Mecklenburg, State of North Carolina, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. National Credit Systems, Inc. (hereinafter "Defendant") is a collection agency operating from an address of 150 Fayetteville Street, Box 1011, Raleigh, NC 27601, but is a foreign corporation registered in Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

## FACTUAL ALLEGATIONS

6. The allegations contained in Paragraphs 1-5 of this Complaint are hereby reincorporated by references as if fully restated herein.

7. On or about September 17, 2013, Plaintiff entered into an agreement with Golden Triangle #1 LLC now known as Crest at Greylyn (hereinafter "Crest") to lease the apartment No. 2-104 located on the first floor at 9419 Lucy Jane Lane, Charlotte, NC 28270 for a monthly rent of $985.00 which later increased to $1060.00 (hereinafter the "Lease").

8. After moving in, Plaintiff became distressed by the noisy tenant residing above him.

9. Plaintiff is a veteran and the constant loud noise triggered Plaintiff's PTSD and anxiety.

10. Plaintiff complained to Crest on numerous occasions. However, the noise continued to be a problem.

11. The noise was such a problem that Plaintiff had to be taken to the emergency room to receive treatment to calm his nerves.

12. Crest then offered Plaintiff an alternative unit located on the third floor.

13. Plaintiff is not able to climb stairs and therefore could not accept a unit that was not on the first floor.

14. On or about May 2, 2014, Plaintiff sent a notice to Vacate to Crest after reaching a verbal agreement with them whereby he would move out in July 2014 and the Lease would terminate (hereinafter the "Modification") due to the known fact by Crest that the tenant above Plaintiff was making very loud noises which triggered Plaintiff's PTSD and anxiety. Pursuant to the Modification, Plaintiff would only be responsible

for paying rent until he moved out and no other expenses, charges or penalties. Attached hereto as Plaintiff's Exhibit A.

15. Plaintiff could not tolerate the noise from the tenant residing above him and moved out in June.

16. On or about November 26, 2014, nearly 4 months after the termination of the lease and Plaintiff's surrendering of the subject apartment, Defendant provided Plaintiff with an accounting showing a balance of $4106.72.

17. Sometime between June and July 2014 Plaintiff John Upshur incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

19. Plaintiff was contacted numerous times by Defendant in an effort to collect on the debt.

20. Through these calls Plaintiff became very familiar with Defendant's employee Mr. Jim Lawrence; Mr. Lawrence claimed Defendant would take Plaintiff's property and Plaintiff's car if Plaintiff did not pay.

21. Due to Defendant's threats and numerous phone calls, Plaintiff prepared a cease and desist letter. Attached hereto as Plaintiff's Exhibit B.

22. That letter was faxed to Defendant on March 05, 2015 at 4:51 p.m. Eastern Time. A successful fax transmission is attached hereto as Plaintiff's Exhibit C.

23. That same letter was sent via certified mail to Defendant. Defendant signed the certified return receipt on or about March 10, 2015 at 9:23 a.m. Attached hereto as Plaintiff's Exhibit D.

24. On or about March 26, 2015, despite Defendant having received Plaintiff's cease and desist letter via fax and certified mail, Defendant made two calls to Plaintiff and left one voice message.

25. The two phone calls made by Defendant on March 26 violated numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. § 1692c(c).

26. Defendant's message threatened to take all of Plaintiff's property and Plaintiff's car if he did not pay.

27. This phone call made by Defendant's debt collectors on this occasion referenced above was a violation of numerous and multiple provisions of the FDCPA including but not limited to 15 U.S.C. § 1692e(4)-(5).

28. Plaintiff has suffered actual damages as a result of this illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF CHAPTER 58-70-90 ET SEQ. OF THE NORTH CAROLINA GENERAL STATUTES

29. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 28.

30. Defendant is a "collection agency," as that term is defined by N.C.G.S. §58-70-15.

31. Plaintiff is a "consumer," as that term is defined by N.C.G.S. §58-70-90.

32. The amount which defendant attempted to collect is a "debt," as that term is defined by N.C.G.S. §58-70-90.

33. Defendant has attempted to collect debt in violation of N.C.G.S. §58-70-95, in that it has attempted to coerce excessive payment by reporting an incorrect amount as due and owing to credit report agencies.

34. Defendant has attempted to collect debt in violation of N.C.G.S. §58-70-105, in that it has unreasonably publicized an incorrect amount as due and owing to credit reporting agencies.

35. Defendant has attempted to collect debt in violation of N.C.G.S. §58-70-110, in that it has falsely represented the character, extent, or amount of a debt against Plaintiff.

36. Defendant has attempted to collect debt in violation of N.C.G.S. §58-70-95(6)-(7), in that Defendant threatened to take Plaintiff's property including Plaintiff's car if Plaintiff did not pay.

37. This violation of the North Carolina's Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers, N.C. Gen Stat. 58-70-90 et seq. ("PPCA") constitutes unfair or deceptive acts or practices proscribed the Act and by N.C. Gen. Stat. 75-1.1 in the area of commerce regulated by these provisions, namely debt collection and collection agencies.

38. As a result of Defendant's unlawful attempt to collect the purported debt, Plaintiff has sustained actual damages, including but not limited to, emotional distress and a reduction in his credit score, and is entitled to:

    a. Any actual damages;
    b. "Civil penalties" under N.C.G.S. 58-70-130 as prescribed by the Court, "which shall not be less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000.00) for each violation;"
    c. Attorney fees pursuant to G.S. 58-70-130(c) and 75-16.1.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

39. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 38.

40. Defendant violated the FDCPA. Defendants violations include, but are not limited to, the following:

    (a) The Defendant violated 15 U.S.C. §1692e(4)-(5) by threatening the Plaintiff with taking all of his property and cars if Plaintiff did not pay.

    (b) The Defendant violated 15 U.S.C. §1692c(c) by contacting Plaintiff after Plaintiff informed Defendant via fax and certified mail that Defendant should cease and desist all communication with Plaintiff.

41. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to:

    a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

    c. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I

1. That Plaintiff have and recover:

    a. Any actual damages;

    b. "Civil penalties" under N.C.G.S. 58-70-130 as prescribed by the Court, "which shall not be less than five hundred dollars ($500.00) for each violation nor greater than four thousand dollars ($4,000.00) for each violation;"

    c.   Attorney fees pursuant to G.S. 58-70-130(c) and 75-16.1.

2. That the costs of this action be taxed to Defendant;

3. For a trial by Jury on all issues so triable; and

4. For such other and further relief as the Court deems just and proper.

## COUNT II

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

3. For an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

4. For a trial by jury on all issues so triable; and

5. For such other and further relief as may be just and proper.

This the __29_ day of _June___, 2015.

                    Respectfully submitted,
                    Turner Law Firm, PLLC

                    _____*/s/ Tiffany A. Turner*_____
                    Tiffany A. Turner, Attorney for Plaintiff
                    13850 Ballantyne Corporate Place, Ste 500
                    Charlotte, North Carolina 28277
                    Telephone: (704) 996-6961

## CERTIFICATE OF SERVICE

This is to certify that I have served the parties indicated below in the foregoing matter with a copy of the Complaint by depositing in the United States mail a copy of same in a properly addressed envelope with first class postage thereon.

This the   29   day of    June       , 2015.

*/s/ Tiffany A. Turner*
Tiffany A. Turner, Esq.
13850 Ballantyne Corporate Place, Suite 500
Charlotte, NC 28277
N.C. State Bar No.  38710


National Credit Systems, Inc.
PO Box 312125
Atlanta, GA 31131-2125


National Credit Systems, Inc.
c/o CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601